UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

ROBERT L. SIMPSON,

                    Petitioner,

          vs.

JOSEPH BELLNIER,[1] Superintendent,
Upstate Correctional Facility,

                    Respondent.

No. 9:07-cv-00281-JKS

MEMORANDUM DECISION

Petitioner, Robert L. Simpson, a state prisoner proceeding *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Simpson is currently in the custody of the New York State Department of Correctional Services, incarcerated at the Upstate Correctional Facility.  Respondent has answered and Simpson has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Following a guilty plea in the Greene County Court, Simpson was convicted under three separate grand jury indictments of one count each of Assault in the First Degree (N.Y. Penal Law § 120.10) (Indictment No. 03-131), Attempted Assault in the Second Degree (N.Y. Penal Law §§ 110.10 and 120.05) (Indictment No. 04-070), and Assault in the Second Degree (N.Y. Penal Law §§ 110.10 and 120.05) (Indictment No. 04-128).  The County Court sentenced Simpson to a determinate prison term of ten years, with five years of post-release supervision on the first-degree assault conviction, an indeterminate term of one to three years' imprisonment, followed

---

[1] Joseph Bellnier, Superintendent, Upstate Correctional Facility, is substituted for Thomas Ricks, Superintendent, Upstate Correctional Facility.  Fed. R. Civ. P. 25(b).

by three years of post-release supervision on one of the second-degree attempted assault
convictions, and a determinate prison term of three years, followed by three years' post-release
supervision on the other attempted second-degree assault charge.  All sentences were ordered
served concurrently.  Simpson appealed his conviction and sentence to the Appellate Division,
Third Department, which affirmed his conviction, and the New York Court of Appeals denied
leave to appeal on January 19, 2007.[2]  While his appeal was pending before the Appellate
Division, Simpson filed a motion in the Greene County Court to vacate his conviction under
N.Y. Criminal Procedure Law § 440.10.  The Greene County Court denied Simpson's § 440.10
motion in a reasoned written decision on January 31, 2006 (filed February 2, 2006).  Simpson did
not seek leave from the Appellate Division to appeal the denial of his § 440.10 motion.  Simpson
timely filed his petition in this Court on March 13, 2007.

## II.  GROUNDS RAISED/DEFENSES

In his petition to this Court Simpson raises two grounds: (1) his due process rights were
violated because he was deprived of either his right to be present at the preliminary hearing or no
preliminary hearing was held, and he was deprived of his right to appear before the grand jury;
and (2) Grand Jury Indictment 03-131 was defective for lack of sufficient physical evidence to
support the grand jury indictment on the second-degree assault charge, the witness statements
were exculpatory and contradictory, no statement from the victim was presented to the grand jury
and his attorney was deprived of the right to see the grand jury minutes.  Respondent contends
that Simpson has not exhausted his state court remedies, and they are procedurally barred.

---

[2] *People v. Simpson*, 823 N.Y.S.2d 302 (App. Div. 2006), *lv. denied*, 862 N.E.2d 800
(N.Y. 2007) (Table).

In his Traverse Simpson appears to raise additional grounds.  More specifically, that his petition encompasses all the claims he presented in various motions and on direct appeal to the state courts, including: (1) actual innocence; (2) a speedy trial violation; and (3) he was coerced into pleading guilty.  This Court does not ordinarily consider grounds raised for the first time in the traverse.  "The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . . ."[3]  To the extent that Simpson wishes to raise additional grounds, the proper procedure would be to file a motion to amend the petition under Federal Rule of Civil Procedure 15.  In this case, however, such a motion would be futile because the amendment would not relate back to the initial filing and would, therefore, be barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1).[4]  Consequently, this Court declines to address the grounds raised for the first time in the Traverse.[5]

## III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence

---

[3] Rules—Section 2254 Cases, Rule 2(c) (emphasis added).

[4] *See Mayle v. Felix*, 545 U.S. 644, 655-64 (2005) (discussing at length the interplay between Habeas Rule 2(c) and Fed. R. Civ. P. 15).

[5] This Court further notes that, in any event, these additional claims would be denied on the merits for the same reasons that the grounds raised in the petition are denied.

presented in the State court proceeding."[6]  The Supreme Court has explained that "clearly

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the

Supreme Court] as of the time of the relevant state-court decision."[7]  The holding must also be

binding upon the states; that is, the decision must be based upon constitutional grounds, not on

the supervisory power of the Supreme Court over federal courts.[8]  Thus, where holdings of the

Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[9]  When a claim falls

under the "unreasonable application" prong, a state court's application of Supreme Court

precedent must be objectively unreasonable, not just incorrect or erroneous.[10]  The Supreme

Court has made clear that the objectively unreasonable standard is a substantially higher

threshold than simply believing the state court determination was incorrect.[11]  In a federal habeas

proceeding, the standard under which this Court must assess the prejudicial impact of

constitutional error in a state-court criminal trial is whether the error had a substantial and

---

[6] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[7] *Williams*, 529 U.S. at 412.

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

injurious effect or influence in determining the jury's verdict.[12]  Simpson "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[13]

In applying this standard, this Court reviews the last reasoned decision by the state court.[14]  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[15]

Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.[16]  In so doing, because it is not clear that it did not so do, the Court assumes that the state court decided the claim on the merits and the decision rested on federal grounds.[17]  This Court gives the assumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[18]

---

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[13] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[14] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[15] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[16] *See Dolphy v. Mantello*, 552 F.3d 236, 239–40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530–31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

[17] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris–Coleman* interplay); *see also Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810–11 (2d Cir. 2000) (same).

[18] *Jimenez*, 458 F.3d at 145–46.

## IV.  DISCUSSION

It is undisputed that Simpson did not raise any of the grounds raised in his petition before this Court on either direct appeal or in his N.Y. Criminal Procedure Law § 440.10 motion.  Thus, his petition is unexhausted.[19]  Because he has already exhausted his post-conviction remedies available in the state courts without raising the issues, in the absence of a showing of good cause for the default and prejudice therefrom, Simpson is procedurally barred from litigating them in a federal habeas proceeding.[20]  Consequently, unless Simpson can show cause for the procedural default and prejudice therefrom, the petition must be dismissed.[21]  As discussed below, Simpson cannot show prejudice.

Even if the claims were not unexhausted or procedurally barred, Simpson would not prevail.  All of the alleged deficiencies arose prior to the time Simpson entered his guilty plea. The Supreme Court directly addressed the effect of a guilty plea on the right of a defendant to complain of constitutional violations that antedated the guilty plea, stating:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[22]

---

[19] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[20] *See Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991).

[21] *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[22] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[23]

In its ruling on Simpson's § 440.10 motion, the Greene County Court found that Simpson "received able assistance from counsel assigned in turn to represent [Simpson]."[24]  Simpson did not seek appellate review of that determination in the state courts, nor does he attack it in his petition to this Court.  Accordingly, that unchallenged determination forecloses Simpson's attacks on his guilty plea.  Thus, Simpson has waived any and all constitutional claims in connection with proceedings that antedated entry of his guilty plea.

To the extent that Simpson's petition alleges defects or infirmities in the grand jury proceedings, it flounders on another shoal.  The Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment.[25]  Consequently, an infirmity in state grand jury procedures in criminal prosecutions does not, itself, raise a federal constitutional issue.  Any infirmity in state criminal grand jury proceedings, standing alone without some other constitutional infirmity, is a product of state law, which, as noted above, is beyond the purview of this Court in a federal habeas proceeding.[26]  Simpson has

---

[23] *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[24] Docket No. 11-11, p. 2.

[25] *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 534–35 (1884)).

[26] *See Beck v. Washington*, 369 U.S. 541, 545-46 (1962) (discussing state criminal charging procedures).

not established any independent constitutional violation.  Simpson is not entitled to relief on either his first or second ground.

## V.  CONCLUSION AND ORDER

Simpson is not entitled to relief on either ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[27]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  December 17, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[27] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).